B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michael and Beth O'Rorke | **DEFENDANTS**<br>Peter J. Porcaro |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Scott R. Pearl, Esq.<br>Heinlein & Beeler, P.C.<br>207 Union Street, Natick, MA 01760 | **ATTORNEYS** (If Known) Wendy M. Mead, Esq.<br>Wendy M. Mead, P.C.<br>11 Pleasant Street, Suite 30<br>Worcester, MA 01609 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
The creditors/Plaintiffs obtained a judgment against the debtor for breach of contract and violations of 93A. The creditors/Plaintiffs object to the debtor/Defendants discharge pursuant to 11 U.S.C.A. Sec. 523(a)(6).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 162,000.00 plus pre and post judgment interest and attorney's fees. |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Peter J. Porcaro | BANKRUPTCY CASE NO.<br>10-45391 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE | NAME OF JUDGE<br>M. Hoffman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>01/28/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Scott R. Pearl, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

In re:  Peter J. Porcaro, Debtor

Civil Action No.: 10-45391-MSH
Chapter 7

Michael O'Rorke and
Beth O'Rorke
    Creditors/Plaintiffs

v.

Peter J. Porcaro
    Debtor/Defendant

## COMPLAINT

1. Michael & Beth O'Rorke [collectively know as "the creditors"] reside at 6 Gershom Drive, North Grafton, Massachusetts and are creditors of the debtor, Peter J. Porcaro.

2. Peter J. Porcaro ["debtor"] resides at 320 Putnam Hill Road, Sutton, Massachusetts and is the debtor in the above-captioned case.

3. This is an action pursuant to 11 U.S.C.A. § 727(c) objecting to the discharge of the debtor. The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1334.

4. Counsel for the creditor is familiar with the actions of the debtor and, being satisfied that proper grounds exist for denial of the discharge, objects to the granting of a discharge to the debtor. The grounds for such objection are set forth in the following paragraphs.

5. On August 4, 2004, the creditors entered into an agreement with the debtor to have him install eleven (11) replacement windows in their home.

6. After the work was completed in October of 2004, the creditors discovered the debtor had engaged in numerous unfair, deceptive and unconscionable acts relative to the sale and installation of replacement windows in violation of M.G.L. c. 93A and M.G.L. c. 142A.

1

7. On November 4, 2004 the creditors filed a request to have their complaints arbitrated through the Commonwealth of Massachusetts Home Improvement Arbitration Program.

8. In addition, on December 29, 2004, the creditors made a demand upon the debtor pursuant to G.L. c. 93A.

9. The arbitration was conducted on June 7, 2005.

10. On June 28, 2005, the arbitrator found the debtor had breached the agreement with the creditors, had deceived the creditors and was able to obtain payment for work incorrectly done.

11. Pursuant to M.G.L. c. 142A, § 4(e), the debtor appealed the arbitrator's decision by filing a complaint in the Westborough District Court.

12. In or around February 2007, the case was transferred to the Marlborough District Court.

13. The case was heard before the Honorable Jonathan Brant on March 20, 2007 and March 23, 2007.

14. After a two-day bench trial, the Court entered judgment in favor of the creditors.

15. The Court awarded the creditors damages in the amount of $20,000.00 which was trebled to $60,000.00 plus applicable interest, attorney's fees and costs.

16. In his decision Judge Brant found that "[debtor] wilfully failed to obtain a necessary building permit and wilfully had windows installed in [creditors] home which [debtor] **knew** to be too small for the openings."(emphasis supplied). See Ex. A.

17. Further, Judge Brant specifically found that "the **knowing and wilful** violation of the contract by installing windows of an improper size is as egregious a violation of consumer protection laws as there can be." (emphasis supplied). Id.

18. Thereafter, the debtor filed an appeal pursuant to Dist./Mun. Cts. R. Civ. P. 8C.

2

19. The debtor then unnecessarily and intentionally protracted the appeal process, by approximately eight (8) months, by withdrawing Rule 59 motions he had filed in the Trial Court and then successfully delayed their being heard until he was absolutely forced by the court to present them.

20. The unnecessary delays caused by the debtor prolonged each phase of the Rule 8C process which eventually required intervention by the Trial Court to compel the debtor to take the requisite steps to perfect his appeal in the Appellate Division.

21. On May 12, 2008, more than a year since judgment entered in the Trial Court, the debtor finally served his brief and appendices.

22. The debtor's fifty-one (51) page brief contained fifteen (15) separate arguments and was accompanied by four (4) appendices containing thirty-two (32) exhibits.

23. In total, the debtor submitted nearly eight-hundred (800) pages of documents and trial testimony for the Appellate Division's consideration.

24. On September 25, 2008, the Appellate Division issued its Decision and Order affirming the judgment and dismissing the debtor's appeal.

25. On November 17, 2008, the debtor's second appeal was filed in the Appeals Court.

26. On December 8, 2009, the Appeals Court issued its decision, pursuant to Rule 1:28, wherein it affirmed the decision of the Appellate Division.

27. On December 29, 2009, the debtor filed an Application For Further Appellate Review to the Supreme Judicial Court.

28. The debtor's Application was denied on January 27, 2010.

29. After exhausting the appeal process, and continuing up until the filing of the Debtor's Suggestion of Bankruptcy, the debtor continued to take affirmative steps to prevent the Defendants from collecting on the judgment and engaged in a course of conduct designed solely to hinder, delay and conceal the identity and/or whereabouts of his assets by, among other things,:

    a. refusing to accept discovery requests from the creditors;
    b. refusing to appear for his properly noticed deposition;

    c.    refusing to be cooperative or to answer the simplest of questions;
    d.    providing, at best, evasive answers;
    e.    replying "I don't know" or "I do not recall" approximately sixty (60) times to questions asked of him regarding his assets; and,
    f.    pretending to fall asleep during his deposition.

30. For all of the reasons shown herein, the Debtor should be denied discharge.

**WHEREFORE**, the Creditors, Michael & Beth O'Rorke, requests that the Debtor, Peter J. Porcaro, pursuant to 11 U.S.C.A. § 523(a)(6) be denied a discharge for the reasons alleged in the Creditors'/Plaintiffs' complaint.

## JURY CLAIM

The Creditors, Michael & Beth O'Rorke, claim a trial by jury of all issues presented in this action.

Respectfully Submitted,
The Creditors, Mike & Beth O'Rorke,
By Their Attorney,

/s/ Scott R. Pearl
(BBO # 657047)
HEINLEIN & BEELER, P.C.
207 Union Street
South Natick, MA 01760
(508) 655-8700 (Tel)
(508) 655-2700 (Fax)
scott.pearl@heinleinbeeler.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this __28__ day of January, 2011, I served a true and accurate copy of the foregoing document by first class mail, postage prepaid on:

Wendy M. Mead, Esq.
Wendy M. Mead, P.C.
11 Pleasant Street
Suite 30
Worcester, MA 01609

David M. Nickless, Esq.
Nickless, Phillips and O'Connor
625 Main Street
Fitchburg, MA 01420

Richard King, Esq.
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

Mitchell J. Levine, Esq.
Nair & Levin, P.C.
707 Bloomfield Ave.
Bloomfield, CT 06002

/s/ Scott R. Pearl

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

Trial Court
District Court Department
Marlborough Division
0567 CV 509

|  |  |
|---|---|
| Peter Porcaro d/b/a Better-Way Home Improvements<br>       Plaintiff<br>v<br>Michael and Beth O'Rourke[1]<br>       Defendants | Decision |

## INTRODUCTION

This case came before me as a two day jury waived trial. Plaintiff is seeking to overturn an arbitration award issued under the Massachusetts Home Improvement Arbitration Program in favor of Defendants for $11,300. Pursuant to G. L. c. 142A, s. 4(e), Plaintiff may obtain a trial de novo but the findings of fact of the arbitrator are entitled to prima facie effect. G. L. c. 142A, s. 4(d). In addition, Plaintiff has brought claims for breach of contract, Breach of the covenant of good faith and fair dealing, malicious prosecution and conspiracy. Defendants have counterclaimed for breach of contract and a 93A violation.

After consideration of the extensive evidence and the arguments presented, I hereby issue my decision.

## FACTS

Defendants own a home at 35 Chestnut Street, Westborough. They contacted Plaintiff, a licensed home improvement contractor, about installing eleven replacement windows in their home. After Plaintiff made a presentation about replacement windows, the parties executed a written contract in which Plaintiff agreed to install eleven Harvey Majesty replacement windows for a contract price of $19,100.

Plaintiff retained Paul Meredith, an experienced window installer, to do the actual

---

[1] The Defendants' names are so spelled in the Complaint and therefore in the Docket. However, Defendants spell their surname O"Rorke.

-1-

installations at Defendants' home. Even though one was required, Plaintiff did not obtain a building permit for the work.

When Meredith arrived to perform the work, he noticed that the windows to be installed were approximately 3/4 inch too small for the window openings. When he asked Plaintiff about this, Plaintiff told him to go ahead and install the windows. Meredith did as he was told.

When the installation was complete, Defendants paid Plaintiff all but $200 of the contract price which they withheld due to minor damage. However, when Plaintiff refused to pay Meredith their agreed upon price for the work, Meredith informed Defendants that the windows were too small.

Defendants sought to have the matter arbitrated and also sent Plaintiff a 93A demand letter. After a full arbitration, the arbitrator found that Plaintiff had installed windows that were too small and awarded Defendants $11,300 in damages. The arbitrator also found that Plaintiff had informed Defendants that he would be installing Trust Guard windows and that he actually installed Harvey Majesty windows.

Installation of windows that are too small creates a danger of water and other damage. The cost to replace the eleven windows is $20,000.

LAW

With regard to Plaintiff's Complaint, I find that the evidence I heard supports many of the arbitrator's findings. I find that Plaintiff wilfully failed to obtain a necessary building permit and wilfully had windows installed in Defendants' home which he knew to be too small for the openings.[2] I do not find that Defendants breached their contract with Plaintiff and I do not find that there was any conspiracy between Defendants and Meredith to breach the contract. Defendants had every reason to send Plaintiff a c.93A demand letter; Plaintiff Counts for malicious prosecution and breach of the covenant of good faith and fair dealing are frivolous.

Judgment shall enter for Defendants on all Counts of Plaintiff's Complaint.

With regard to the counterclaims, I find that Plaintiff breached the contract by having windows installed which did not properly fit. In addition, I find that Plaintiff violated c. 93A in two respects. First, the failure to obtain a building permit is a violation of G. L. c. 142A, s. 2 and is a per se violation of c.93A. Second, the knowing and wilful violation of the contract by installing windows of an improper size is as egregious a violation of consumer protection laws as

---

[2] I find that other findings of the arbitrator are not supported by the evidence I heard. I do not find that Plaintiff back dated the contract, promised Trust Guard windows, or denied Defendants their rights of recission.

there can be. The evidence I heard supports a larger damage award than given by the arbitrator.

Judgment shall enter for Defendants on their Counterclaim for $20,000 which shall be trebled to $60,000 plus applicable interest and costs.

After hearing, I award attorneys' fees and costs in the amount of $20,269.93 as requested in the attorneys' fee application and its supplement.

JUDGMENT

Judgment shall enter for Defendants on all counts of the Complaint.

Judgment shall enter for Defendants/Plaintiff in Counterclaim with Damages assessed at $20,000 which shall be trebled plus applicable costs, interest, and attorneys' fees and costs in the amount of .$20, 269.93.

RESPONSES TO REQUESTS FOR RULINGS OF LAW

A. Plaintiff's Requests

None

B. Defendants' Requests

1. Allowed
2. Allowed
3. Allowed
1. Allowed
2. Allowed
3. Allowed
4. Allowed
5. Allowed
6. Allowed
7. Allowed
1. Allowed but irrelevant
2. Allowed but irrelevant
3. Allowed but irrelevant
1. Allowed but irrelevant
1. Allowed but irrelevant
1. Allowed as a statement of law
2. Allowed as a statement of law
3. Allowed as a statement of law
4. Allowed as a statement of law
1. Allowed
2. Allowed
3.Allowed
4. Allowed but irrelevant
5. Allowed
5. Allowed

6. Allowed
7. Allowed
1. Allowed
2. Allowed
3. Allowed
1. Allowed
2. Allowed
3. Allowed
4. Allowed
5. Allowed
6. Allowed
7. Allowed
8. Allowed
1. Allowed
2. Allowed
3. Allowed
4. Allowed
5. Allowed
6. Allowed
7. Allowed
8. Allowed
9. Allowed
10. Allowed
1. Allowed
2. Allowed
3. Allowed
4. Allowed
5. Allowed
6. Allowed

So Ordered

Jonathan Brant
Justice of the District Court

March 26, 2007
REVISED April 12, 2007

-5-